IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CNX GAS COMPANY LLC, | CIVIL DIVISION |
| Plaintiff, | No. 2:19-CV-699 |
| vs. | |
| LLOYDS OF LONDON, CHINA REINSURANCE GROUP, THE HANOVER INSURANCE GROUP, INC., NAMECO (NO. 808) LIMITED, HCC INTERMEDIATE HOLDINGS, INC., HISCOX DEDICATED CORPORATE MEMBER LTD. | **JURY TRIAL DEMANDED.** |
| Defendants. | |

## **NOTICE OF REMOVAL**

Defendants Nameco (No. 808) Limited and Hiscox Dedicated Corporate Member Ltd., severally subscribing underwriters to operator's extra expense insurance certificate USOEE1510523, file this notice of removal under 28 U.S.C. §§ 1332(a)(2), 1441 and 1446.

A.  The Parties

1. Plaintiff is CNX Gas Company LLC. Removing defendants are Nameco (No. 808) Limited and Hiscox Dedicated Corporate Member Ltd.

2. On May 15, 2019, CNX sued Nameco (No. 808) Limited ("Nameco") and Hiscox Dedicated Corporate Member Ltd. ("Hiscox") for insurance coverage under operator's extra expense insurance certificate USOEE1510523 (the "Policy") in the Court of Common Pleas of Allegheny County, Pennsylvania. The dispute involves coverage under the Policy for the alleged loss of control of CNX's Switz 28F gas well during fracturing operations.

3.      Mendes & Mount LLP, the agent identified in the Policy for service, was served with process on May 15, 2019. Defendants Nameco and Hiscox filed this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b). Copies of all process, pleadings, orders and other filings in the state court suit are attached to this notice as required by 28 U.S.C. §1446(a). *See* Exhibit 1, Complaint and Process, Exhibit 2, Confirmation of Service.

B.     Basis for Removal

4.      This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(2) and is one which may be removed to this Court pursuant to 28 U.S.C. §1441. Removal is proper because there is currently complete diversity of citizenship between the parties and complete diversity existed on the date the State Court action was filed.

5.      Plaintiff is a citizen of the States of Pennsylvania and Delaware. Defendants are citizens of England. 28 U.S.C. §1332(a)(2).

6.      Plaintiff CNX Gas Company LLC alleges its sole member is CNX Gas LLC. The sole member of CNX Gas LLC is CNX Resources Corporation, which is organized under the laws of Delaware and has its principal place of business in Canonsburg, Pennsylvania. *See* Exhibit 1, Complaint, ¶1.

7.      As pleaded by CNX in the lawsuit, Defendant Nameco (No. 808) Limited subscribes to the Policy as the sole member of Syndicate 4141 at Lloyd's of London. *See* Exhibit 1, Complaint ¶2. Nameco is a company organized under the laws of the United Kingdom, with its principal place of business at 1 Aldgate, London, England. *See* Exhibit 3, Declaration of A. Baker.

8.      As pleaded by CNX in the lawsuit, Defendant Hiscox Dedicated Corporate Member Ltd. subscribes to the Policy as a member of Syndicate 33 at Lloyd's of London. *See*

Exhibit 1, ¶2. Hiscox is a company organized under the laws of the United Kingdom, with its principal place of business at 1 Great St Helens, London, England. *See* Exhibit 4, Declaration of D. Stewart.

9. As pleaded by CNX in the lawsuit, it seeks damages in excess of $40,000,000. *See* Exhibit 1, Complaint ¶26. The amount in controversy exceeds $75,000, excluding interest and costs, for each Defendant.

10. Syndicate 4141 subscribes to 25% of the risk. *See* Exhibit 1, Policy attached to Complaint, p. 4. Defendant Nameco is the sole member of Syndicate 4141 providing 100% of the capital for Syndicate 4141's subscription share of the Policy. *See* Exhibit 3. The amount in controversy as to Defendant Nameco exceeds $75,000, excluding interest and costs.

11. Syndicate 33 subscribes to 15% of the risk. *See* Exhibit 1, Policy attached to Complaint, p. 4. Defendant Hiscox provides 72.616424% of the capital for Syndicate 33's subscription share of the Policy. *See* Exhibit 4. The amount in controversy as to Defendant Hiscox exceeds $75,000, excluding interest and costs.

12. The other named defendants in the complaint, Lloyds of London, China Reinsurance Group, The Hanover Insurance Group, Inc., and HCC Intermediate Holdings, Inc., do not destroy diversity because those defendants are not subscribing underwriters to the Policy that is the subject of the lawsuit and have no stake in this dispute. The service upon Mendes & Mount LLP, the agent for service of process upon the underwriters subscribing to the Policy, is not effective service for the other named defendants who are not subscribing insurers. CNX joined those defendants solely to defeat diversity jurisdiction.

13. Defendant "Lloyds of London" is not a proper defendant. Lloyds of London is an insurance marketplace that provides the physical premises to enable insurance underwriters to

carry on their business but is not itself an insurance company. *See, e.g., Chemical Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 221 (3rd Cir. 1999) (Policies are underwritten *at* Lloyd's and not *by* Lloyd's). "Lloyds of London" is not a subscribing insurer to the Policy. *See* Exhibit 1, Policy attached to Complaint, p. 4.

14. Defendant "China Reinsurance Group" is not a proper defendant because it is not identified as a subscribing insurer to the Policy. *See* Exhibit 1, Policy attached to Complaint, p. 4. CNX alleges "on information and belief" that China Reinsurance Group is a "name" and "member of Lloyd's Syndicate 1084." Syndicate 1084 subscribed to 40% of the risk. *Id.* The declaration of David Smith establishes that China Reinsurance Group is not a member of Syndicate 1084 and does not subscribe to the Policy but is the ultimate parent company of the members of Syndicate 1084. *See* Exhibit 5, Declaration of D. Smith.

15. Defendant "The Hanover Insurance Group, Inc." is not a proper defendant because it is not identified as a subscribing insurer to the Policy. *See* Exhibit 1, Policy attached to Complaint, p. 4. CNX alleges "on information and belief" that The Hanover Insurance Group, Inc., is a "name" and "member of Lloyd's Syndicate 1084." Syndicate 1084 subscribed to 40% of the risk. *Id.* The declaration of David Smith establishes that The Hanover Insurance Group, Inc. is not a member of Syndicate 1084 and does not subscribe to the Policy. *See* Exhibit 5, Declaration of D. Smith.

16. Defendant "HCC Intermediate Holdings, Inc." is not a proper defendant because it is not identified as a subscribing insurer to the Policy. *See* Exhibit 1, Policy attached to Complaint, p. 4. CNX alleges "on information and belief" that HCC Intermediate Holdings, Inc., is a "name" and "member of Lloyd's Syndicate 33." Syndicate 33 subscribed to 15% of the risk. *Id.* The declaration of Darren Stewart establishes that HCC Intermediate Holdings, Inc., is not a

member of Syndicate 33. *See* Exhibit 3, Declaration of A. Baker; Exhibit 4, Declaration of D. Stewart.

17. There is no reasonable basis for believing that CNX could recover from Lloyds of London, China Reinsurance Group, The Hanover Insurance Group, Inc., and HCC Intermediate Holdings, Inc., in the state court action because they are not parties to the insurance contract that is the subject of CNX's complaint. CNX has no cause of action against these entities because they did not underwrite or subscribe to the Policy and do not insure CNX under the Policy. CNX simply sued the wrong parties.

18. The defendants who have been properly joined and served, Nameco and Hiscox, join in this removal. 28 U.S.C. §1446(b)(2)(a). Consent is not required of the other named defendants for the reasons explained above. They are not parties to the insurance contract that is the subject of the complaint, they have not been served with process, and they were incorrectly identified and sued by CNX.

19. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is in this district.

20. Defendants will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending.

21. CNX demanded a jury in the state-court suit.

## Conclusion and Request for Relief

WHEREFORE, Defendants, Nameco (No. 808) Limited and Hiscox Dedicated Corporate Member Ltd., severally subscribing underwriters to operator's extra expense insurance certificate USOEE1510523, ask the Court to remove the suit to the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

/s/   *Bruce E. Rende*
Bruce E. Rende (PA 52714)
Robb Leonard Mulvihill LLP
BNY Mellon Center
500 Grant St., Ste. 2300
Pittsburgh, PA 15219
Tel. 412.281.5431
Fax 412.281.3711
brende@rlmlawfirm.com

/s/   *George H. Lugrin IV*
George H. Lugrin IV (TX 00787930)
William P. Maines (TX 12849700)
Karen K. Milhollin (TX 00790180)
Jeffrey T. Bentch (TX 24055160)
Hall Maines Lugrin, P.C.
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas 77056-6125
Tel. 713.871.9000
Fax 713.871.8962
glugrin@hallmaineslugrin.com
wmaines@hallmaineslugrin.com
kmilhollin@hallmaineslugrin.com
jbentch@hallmaineslugrin.com

*Attorneys for Defendants Nameco (No. 808) Limited and Hiscox Dedicated Corporate Member Ltd*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of its **NOTICE OF REMOVAL** has been served via United States First Class Mail, postage prepaid, this 14th day of June, 2019, upon the following:

> Rodger L. Puz, Esquire
> J.R. Hall, Esquire
> Dickie, McCamey & Chilcote, P.C.
> Two PPG Place, Suite 400
> Pittsburgh, PA 15222

           /s/ Bruce E. Rende
           Bruce E. Rende, Esquire

{R0919647.1 }